UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Darius Dubarry, Harry Rivera, Jayquan Griffin, for
Themselves and on Behalf of All Others Similarly
Situated,

                      Plaintiff,

-against-

Anthony Annucci; Jeff McKoy; Michael Capra;
Leslie Malin; Stephen Brandow; Jpay Inc.;
John Doe Reviewing Officer #1;
John Doe Reviewing Officer #2;
John Doe Reviewing Officer #3;
John Doe Central Officer Review Committee
Members; State Of New York Department
Of Corrections and Community Supervision,

                      Defendants.
------------------------------------------------------------------X

RECEIVED
SDNY PRO SE OFFICE
2021 JUN 22 PM 2:30

**COMPLAINT PURSUANT
TO 42 U.S.C. §1983
CLASS ACTION**

_____CV_____

**Jury Trial Demanded**

# COMPLAINT

## I    PRELIMINARY INTRODUCTION

Plaintiffs in the above-caption action, allege(s) as follows:

    1)    Plaintiffs, Darius Dubarry, Harry Rivera, and J Griffin, bring this action seeking relief and/or damages to defendant and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. §1983, against Anthony Annucci; Jeff McKoy; Stephen Branndow; Michael Capra, Leslie Malin; John Doe Reviewing Officer #1; John Doe Reviewing Officer #2; John Doe Reviewing Officer #3; John Doe Central Officer Review Committee Members; and Jpay Inc., for money damages brought pursuant to 42 U.S.C. §1983, and preliminary injunction, to redress the deprivation of rights secured to plaintiff by the First, and Fourteen, Amendments to the United States Constitution and the aforementioned statutory provisions in their individual and official capacity.

## JURISDICTION

    2)    This court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1341 (a)(3), 1341 (a)(4), 1367 (a), and 42 U.S.C. §1983.

## VENUE

3) Venue is proper in the Southern District Pursuant to 28 U.S.C. §1391.

4) It is alleged that the individual Correctional Administrators, Policy Makers, Correctional Staff, and Jpay failed to provide secure nude videos and photographs on there secure Jpay table.

## CLASS PREREQUISITES PURSUANT TO FRCP 23(a)

Plaintiff bring these actions for injunctive relief and for tablet damages due to Defendants' violation of plaintiffs First, and Fourteen, Amendments to the United States Constitution and the aforementioned statutory provisions in their individual and official capacity as class actions pursuant to Fed. R. Civ. P. 23 on behalf of all persons in the above caption and all inmates that Defendants, failed to provide secure nude videos and photographs on their Jpay secure table. As such in this Complaint, Defendant's means and refers to all persons who owned, or controlled the service provided by the Jpay secure table who failed to provide secure nude videos and photographs on the Jpay secure table.

(a) The class is so numerous that joinders or all members are impracticable.

(b) There are questions of law and fact common to the class.

(c) The claims of the Plaintiff are typical of the claims of the class.

(d) The plaintiff will fairly and adequately protect the interests of the class.

(e) The Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief, and corresponding declaratory relief with respect to the class as a whole.

(f) Questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

(g) The members of the class, including Plaintiffs, conduct business on a daily basis between defendants during the class period and sustained damages as a result of the business transactions.

## PRELIMINARY INJUNCTION PURSUANT TO Fed. R. Civ. P 65(a)

Plaintiff's Darius Dubarry, Harry Rivera, and Jayquan Griffin, moves this court for an Order preliminarily enjoining defendant's State Of New York Department Of Corrections and

Community Supervision, its officers, agents, servants and employee, and those persons in active concert or participation in the denial of secure nude videograms and photos on there secure Jpay table.

II     **PARTIES IN THIS COMPLAINT:**

    5)     Plaintiff is and was at all times relevant herein a citizen of the United States and resides at:

A).     **Plaintiff One:**                 **Plaintiff Two:**
Darius Dubarry #09-A-3856       Harry Rivera #84-A-0068
Fac. Sing Sing Corr.                  Fac. Sing Sing Corr. Fac.
354 Hunter St.                         354 Hunter St.
Ossining, New York 10562         Ossining, New York 10562

**Plaintiff Three:**
Jayquan Griffin #16-A-3010
Fac. Sing Sing Corr. Fac.
354 Hunter St.
Ossining, New York 10562

B).     **Defendant Number One:**       **Defendant Number Two:**
Michael Capra                    Leslie Malin
Superintendent                    Deputy Superintendent of Program
Sing Sing Correctional Facility     Sing Sing Correctional Facility
354 Hunter St.                         354 Hunter St.
Ossining, New York 10562         Ossining, New York 10562

**Defendant Number Three:**      **Defendant Number Four:**
Anthony Annucci                  Jeff McKoy
Acting Commissioner            Deputy Commissioner of Programs
Department Of Corrections and   Department Of Corrections and
Community Supervision           Community Supervision
1220 Washington Ave.            1220 Washington Ave.
Albany, New York 12224          Albany, New York 12224

**Defendant Number Five:**        **Defendant Number Six:**
Stephen Brandow                 Jpay Inc,
Department Of Corrections and   12864 Biscayne Bvld. Suite 243
Community Supervision           Miami, Florida, 33181
1220 Washington Ave.
Albany, New York 12224

**Defendant Number Seven:**
John Doe Reviewing Officer #1
Sing Sing Correctional Facility
354 Hunter St.
Ossining, New York 10562

**Defendant Number Eight:**
John Doe Reviewing Officer #2
Sing Sing Correctional Facility
354 Hunter St.
Ossining, New York 10562

**Defendant Number Seven:**
John Doe Reviewing Officer #3
Sing Sing Correctional Facility
354 Hunter St.
Ossining, New York 10562

**Defendant Number Eight:**
John Doe Central Officer Review
Committee Members
Department Of Corrections and
Community Supervision
1220 Washington Ave.
Albany, New York 12224

**Defendant Number Nine:**
Department Of Corrections and
Community Supervision
1220 Washington Ave.
Albany, New York 12224

## III    EXHAUSTION OF ADMINISTRATIVE REMEDIES:

6-a.   There is a grievance procedure at the facility.

b.   Plaintiffs filed grievances with the facility.

c.   All grievances were denied.

d.   All the grievances were appealed to CORC, and was denied.

## IV    PREVIOUS LAWSUITS:

None

## V    STATEMENT OF CLAIM:

7)   Plaintiffs, Darius Dubarry, Harry Rivera, and, Jayquan Griffin, brings this action claiming that defendants violated and failed to provide secure nude videos and photographs on their Jpay secure table in violation of there First, and Fourteen Amendments of the United States Constitution pursuant to 42 U.S.C. §1983.

8)   The Facility giving rise to plaintiffs claims occurred in Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562.

9)   The places within the Facility where the events occurred were in the Facility's Jpay designated kiosk area.

10)   The approximate time of the events concerning the defendants were a continuing occurrence beginning on December of 2019 to the present.

11) Defendant Anthony Annucci is the Acting Commissioner of the New York State Department of Corrections and Community Supervision, employed by the State of New York, in his authority as the Commissioner exercises administrative oversight for the subject matter, policy maker, and functions associated with the directives, instituted an unconstitutional Department wide policy for denying nude vides and photographs on plaintiffs Jpay secure table.

12) Defendant Jeff McKoy is the Deputy Commissioner of the New York State Department of Corrections and Community Supervision, employed by the State of New York, as a policy maker, instituted an unconstitutional Department wide policy for denying nude vides and photographs on plaintiffs Jpay secure table.

13) Stephen Brandow is the Deputy Commissioner of Administrative Services of the New York State Department of Corrections and Community Supervision, employed by the State of New York, as a policy maker instituted an unconstitutional Department wide policy for denying nude vides and photographs on plaintiffs Jpay secure table.

14) Michael Capra is the Superintendent of Sing Sing Correctional Facility, employed by the State of New York, as a policy maker instituted an unconstitutional facility wide policy for denying nude vides and photographs on plaintiffs Jpay secure table.

15) Leslie Malin is the Deputy Superintendent of Programs at Sing Sing Correctional Facility, employed by the State of New York, as a policy maker, instituted an unconstitutional facility wide policy for denying nude vides and photographs on plaintiffs Jpay secure table while acting as the Acting Superintendent as Sing Sing Correctional Facility.

16) Defendant Jpay Inc., entered into a contract with Defendant State Of New York Department Of Corrections and Community Supervision that granted Jpay Inc., the exclusive right to provide media services to inmate confined in all of New York State Correctional Facilities. Under the contract, defendant, Jpay Inc. is allowed to make and implement policies concerning the provided secure nude videos and photographs on their Jpay secure table.

17) Defendants, the State Of New York Department Of Corrections and Community Supervision is a municipality in the State of New York which owns, operates, manages, directs and controls all Correctional Facility's and has entered into a contract with defendant Jpay Inc., giving them the exclusive right to provide media services to inmate confined in all of New York State Correctional Facilities. Under the contract defendant, Jpay Inc. is allowed to make and

implement policies concerning the provided secure nude videos and photographs on their Jpay secure table.

18) Defendant's John Doe Central Officer Review Committee Members consist of the Deputy Commissioner, Counsel, Deputy Commissioner for Correctional Facilities, Deputy Commissioner for Program Services, Deputy Commissioner for Administrative Services, and Deputy Commissioner and Chief Medical Officer functions on behalf of the Commissioner and under his authority, to reside over and make decisions on all grievance appeals that have the effect of directives requiring remedial action implemented within the department.

19) Defendant's John Doe Central Officer Review Committee Members reviewed plaintiff's Plaintiffs, Darius Dubarry, Harry Rivera, and, Jayquan Griffin grievance appeal and rendered an unconstitutional decision in violation of plaintiff's Constitutional Rights under the First, and Fourteenth Amendments concerning the illegal policies of provided secure nude videograms and photos.

20) John Doe Reviewing Officer #1, John Doe Reviewing Officer #2, John Doe Reviewing Officer #3, are and where the assigned reviewing staff at Sing Sing Correctional Facility who denied plaintiff's Plaintiffs, Darius Dubarry, Harry Rivera, and Jayquan Griffin nude photos and videograms by following an illegal policies concerning the providing of secure nude videograms and photos on their Jpay secure table.

## VI   FACTS:

21) By operation of State and Federal Laws, all the plaintiffs' movement is controlled by New York State Department Of Corrections and Community Supervision. All defendants are sued in their individual and official capacity.

## VII   FACTUAL ALLEGATIONS

**Plaintiff Darius Dubarry: (hereinafter Dubarry):**

22) On April 11, 2020, and April 13, 2020, plaintiff Dubarry received videograms and photos from Alexis Leidiger. The videogram and photos where rejected and denied by defendant John Doe without any form of notification to plaintiff as required by New York State Department of Corrections and Community Supervision Directives #4572, and 4425.

23) On December 7, 2029, February 2, 2020, March 24, 2020, March 26, 2020, April 13, 2020, and April 24, 2020, plaintiff Dubarry received videograms and photos from Nicole

Dubarry. The videograms and photos where rejected and denied by defendant John Doe without any form of notification to plaintiff as required by New York State Department of Corrections and Community Supervision Directives #4572, and 4425.

24) On April 20, 2020, plaintiff Dubarry filed a grievance complaint concerning the above matter. Plaintiff Dubarry's grievance was consolidated with plaintiff Griffin and Rivera's grievance complaint.

25) On June 25, 2020, a grievance hearing was held. During the grievance hearing, plaintiff Dubarry was informed that even though his JPay tablet is password protected, and that no other inmate has access or could get into his Jpay tablet without his password, the rejected videograms and photos where in accordance with departmental directives per defendant Superintendent Michael Capra's (hereinafter, Capra) investigation.

26) Plaintiff Dubarry explained to the grievance committee that defendant Capra's reasoning is unsound for a number of reasons, 1) plaintiff's Jpay tablet is secure and no-one has the ability to see video's or photo's other than the John Doe reviewing officer, thereby strictly limiting viewing of any videograms or photos; 2) Because the Jpay tablet is password protected, such limited viewing creates no legitimate issue in maintaining security or the potential to undermine institutional safety and security; 3) Any directives that was relied upon by all the name defendants, are unconstitutionally vague, inapplicable and contrary to the precedent because such directive don't factor in that the videograms and photo's are stored on a secured password protected Jpay tablet.

27) Plaintiff Dubarry's grievance complaint #0174-20 was denied on the facility level by defendant Acting Superintendent Leslie Malin (hereinafter Malin), on the ground that the rejected videograms and photos were in accordance with departmental directives, and that prior CORC decisions which held that possession of nude photographs presents a clear threat to the safety, security, and good order of the facility.

28) Plaintiff Dubarry appealed defendant Malin's denial to John Doe Officer's at the Central Officer Review Committee (hereinafter CORC).

29) On October 23, 2020, John Doe defendant's within the Central Officer Review Committee affirmed defendant Malin's denial on in part that the denial was in accordance with departmental directives, and the rejected photos and videograms presents a clear threat to the

safety, security and good order of the facility. John Doe defendant's further held that the rejected videograms and photos contained "nudity" that showed human male or female genitals, pubic area or buttocks with less than a full opaque covering, or the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple as defined by NYS Penal Law.

**Plaintiff Harry Rivera: (hereinafter Rivera)**

30) On April 28, 2020, and May 8, 2021, plaintiff Rivera received videograms and photos from Amaury Rubirosa. The videograms or photos where rejected and denied by defendant John Doe without any form of notification to plaintiff as required by New York State Department of Corrections and Community Supervision Directives #4572, and 4425.

31) On, June 1, 2020, plaintiff Rivers received videograms or photos from Jennifer Thomas, and Tamara Adams. The videograms and photos where rejected and denied by defendant John Doe without any form of notification to plaintiff as required by New York State Department of Corrections and Community Supervision Directives #4572, and 4425.

32) On February 22, 2021, and April 30, 2021, plaintiff Rivera received videograms or photos from Harry Rivera Jr. The videograms and photos where rejected and denied by defendant John Doe without any form of notification to plaintiff as required by New York State Department of Corrections and Community Supervision Directives #4572, and 4425

33) On, April 6, 2021, plaintiff Rivera received videograms or photos from Jennifer Suzette Montero. The videograms and photos where rejected and denied by defendant John Doe without any form of notification to plaintiff as required by New York State Department of Corrections and Community Supervision Directives #4572, and 4425.

34) On April 20, 2020, plaintiff Rivers filed a grievance complaint concerning the above matter. Plaintiff Rivera's grievance was consolidated with plaintiff Griffin and Dubarry's grievance complaint.

32) On June 25, 2020, a grievance hearing was held. During the grievance hearing, plaintiff Rivera was informed that even though his JPay tablet is password protected, and that no other inmate has access of could get into his Jpay tablet without his password, the rejected videograms and photos where in accordance with departmental directives per defendant Superintendent Michael Capra's (hereinafter, Capra) investigation.

33) Plaintiff Rivera explained to the grievance committee that defendant Capra's reasoning is unsound for a number of reasons, 1) plaintiff's Jpay tablet is secure and no-one has the ability to see video's or photo's other than the John Doe reviewing officer, thereby strictly limiting viewing of any videograms or photos; 2) Because the Jpay tablet is password protected, such limited viewing creates no legitimate issue in maintaining security or the potential to undermine institutional safety and security; 3) Any directives that was relied upon by all the name defendants, are unconstitutionally vague, inapplicable and contrary to the precedent because such directive don't factor in that the videograms and photo's are stored on a secured password protected Jpay tablet.

34) Plaintiff Rivera's grievance complaint #0174-20 was denied on the facility level by defendant Acting Superintendent Leslie Malin (hereinafter Malin), on the ground that the rejected videograms and photos where in accordance with departmental directives, and that prior CORC decisions which held that possession of nude photographs presents a clear threat to the safety, security, and good order of the facility.

35) Plaintiff Rivera appealed defendant Malin's denial to John Doe Officer's at the Central Officer Review Committee (hereinafter CORC).

36) On October 1, 2020, John Doe defendant's within the Central Officer Review Committee affirmed defendant Malin's denial on in part by holding that the denial was in accordance with departmental directives, and the rejected photos and videograms presents a clear threat to the safety, security and good order of the facility. John Doe defendant's further held that the rejected videograms and photos contained "nudity" that showed human made or female genitals, pubic area or buttocks with less than a full opaque covering, or the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple as defined by NYS Penal Law.

**Plaintiff Jayquan Griffin: (hereinafter Griffin)**

37) On February 6, 2020, February 8, 2020, March 27, 2021, March 28, 2020, April 1, 2020, April 7, 2020, Griffin received videograms and photos from Nashara Grady. The videograms and photos where rejected and denied by defendant John Doe without any form of notification to plaintiff as required by New York State Department of Corrections and Community Supervision Directives #4572, and 4425.

38)  On April 18, 2020, plaintiff Griffin filed a grievance complaint concerning the above matter. Plaintiff Griffin's grievance was consolidated with plaintiff Dubarry and Rivera's grievance complaint.

39)  On June 25, 2020, a grievance hearing was held. During the grievance hearing, plaintiff Griffin was informed that even though his JPay table is password protected, and that no other inmate has access of could get into his Jpay table without his password, the rejected videograms and photos where in accordance with departmental directives per defendant Superintendent Michael Capra's (hereinafter, Capra) investigation.

40)  Plaintiff Griffin explained to the grievance committee that defendant Capra's reasoning is unsound for a number of reasons, 1) plaintiff's Jpay tablet is secure and no-one has the ability to see video's or photo's other than the John Doe reviewing officer, thereby strictly limiting viewing of any videograms or photos; 2) Because the Jpay tablet is password protected, such limited viewing creates no legitimate issue in maintaining security or the potential to undermine institutional safety and security; 3) Any directives that was relied upon by all the name defendants, are unconstitutionally vague, inapplicable and contrary to the precedent because such directive don't factor in that the videograms and photo's are stored on a secured password protected Jpay tablet.

41)  Plaintiff Griffin's grievance complaint #0174-20 was denied on the facility level by defendant Acting Superintendent Leslie Malin (hereinafter Malin), on the ground that the rejected videograms and photos where in accordance with departmental directives, and that prior CORC decisions which held that possession of nude photographs presents a clear threat to the safety, security, and good order of the facility.

42)  Plaintiff Griffin appealed defendant Malin's denial to John Doe Officer's at the Central Officer Review Committee (hereinafter CORC).

43)  On October 1, 2020, John Doe defendant's within the Central Officer Review Committee affirmed defendant Malin's denial on in part that the denial was in accordance with departmental directives, and the rejected photos and videograms presents a clear threat to the safety, security and good order of the facility. John Doe defendant's further held that the rejected videograms and photos contained "nudity" that showed human made or female genitals, pubic area or buttocks with less than a full opaque covering, or the female breast with less than a

fully opaque covering of any portion thereof below the top of the nipple as defined by NYS Penal Law.

### FIRST CAUSE OF ACTION
### VIOLATION OF PLAINTIFFS'
### FIRST AMENDMENT RIGHT
### TO FREE SPEECH

44)     Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth. Defendant's Anthony Annucci; Jeff McKoy; Stephen Branndow; Michael Capra; Leslie Malin; John Doe Reviewing Officer #1; John Doe Reviewing Officer #2; John Doe Reviewing Officer #3; John Doe Central Officer Review Committee Members; and Jpay Inc., violate plaintiff's right to freedom of speech under the First Amendment by denying plaintiff's nude or semi nude videograms and photos on a password protected Jpay tablet.

### SECOND CAUSE OF ACTION
### VIOLATION OF PLAINTIFFS'
### FOURTEENTH AMENDMENT RIGHT
### TO EQUAL PROTECTION

45)     Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth. Defendant's Anthony Annucci; Jeff McKoy; Stephen Branndow; Michael Capra; Leslie Malin; John Doe Reviewing Officer #1; John Doe Reviewing Officer #2; John Doe Reviewing Officer #3; John Doe Central Officer Review Committee Members; and Jpay Inc., are violating plaintiff's right to equal protection under the Fourteenth Amendment because Directives #4572, and 4425 that was relied upon by defendant do not take into account that the videograms and photo's are stored on a secured password protected Jpay tablet.

### THIRD CAUSE OF ACTION
### VIOLATION OF PLAINTIFFS'
### FIRST AMENDMENT RIGHT
### BECAUSE THE POLICY IS
### UNCONSTITUTIONALLY VAGUE

46)     Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth. Anthony Annucci; Jeff McKoy; Stephen Branndow; Michael Capra; Leslie Malin; John Doe Reviewing Officer #1; John Doe Reviewing Officer #2; John Doe Reviewing Officer #3; John Doe Central Officer Review Committee Members; and Jpay Inc., violated plaintiff's First Amendment right by relied upon by defendants are unconstitutionally vague because Directives #4572, and #4425 don't factor in that the videograms and photo's are stored on a secured

password protected Jpay tablet, that no other person has access to plaintiff's table, and there is no security distention between nude commercial material such as books, and magazines which is allowed after the facilities media review committee deems such material appropriate per Directive #4572 II – III(D)(I)(1)(2) and (3).

 47-a) Paragraphs 1 through 46 is incorporated herein by reference as though fully set forth.

 b. All the above defendant's are sued in their individual and official capacity.

 c. Plaintiff's demand(s) a trial by **JURY**.

 48) **WHEREFORE**, plaintiff prays that this Court grant the following relief: **1**. One Million (1,000,000.00) Compensatory Damages; and **2**. One Million (1,000,000.00); Punitive Damages.

 I, Darius Dubarry, Harry Rivera, and Jayquan Griffin, declare under penalty of perjury that the forgoing is true and correct.

**DATE:** June 14, 2021

Respectfully submitted

*Darius Dubarry* (signature)
Darius Dubarry #09-A-3856
Plaintiff, Pro se

Respectfully submitted

*Harry Rivera* (signature)
Harry Rivera #84-A-0068
Plaintiff, Pro se

Respectfully submitted

*Jayquan Griffin* (signature)
Jayquan Griffin #16-A-3010
Plaintiff, Pro se

Darius Dubarry #09-A-3856
Sing Sing Correctional Facility
354 Hunter St.
Ossining, New York 10562

NEOPOST          FIRST-CLASS MAIL
06/15/2021
US POSTAGE $001.80

ZIP 10562
041M11288353





USM P3
SDNY

RECEIVED
SDNY PRO SE OFFICE
2021 JUN 22  PM 2:30

Pro se Clerks Officer
U.S. District Court
Southern District of N.Y.
500 Pearl St.
New York, New York 10007

**LEGAL MAIL**
PRIVILEGED & CONFIDENTIAL