UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARIUS DUBARRY, *et al.*,

                Plaintiffs,

     v.

MICHAEL CAPRA, *et al.*,

                Defendants.

21-CV-5487 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

Plaintiffs, currently incarcerated at Sing Sing Correctional Facility, bring this *pro se* action under 42 U.S.C. § 1983.[1] Plaintiffs allege that Defendants' rejection of electronic photos and videograms sent to their prison-issued JPay tablets violates their constitutional rights. Plaintiffs argue that because JPay tablets are password protected, there is no possibility that such photos and videograms could fall into the hands of other prisoners and thus no security justification for rejecting them. Plaintiffs seek damages and injunctive relief. By orders dated July 15, 2021, the Court granted Plaintiffs' requests to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[2]

## I. Standard of Review

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Although Plaintiffs purport to bring this matter as a class action, because they are proceeding *pro se* and cannot act on behalf of others, the Court does not treat this matter as a potential class action. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'" (citation omitted)); *Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976) (holding that it is plain error to permit a prisoner to bring a class action on behalf of fellow inmates).

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

## II.  Discussion

### A.  Claims Against DOCCS and Official-Capacity Claims for Damages

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id*.

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  Because the New York State Department of Corrections and Community Services (DOCCS) is an arm of the State of New York, Plaintiffs' section 1983 claims against DOCCS are barred by the Eleventh Amendment and are dismissed.  Moreover, the individual defendants are all DOCCS employees and thus state agents.  The Eleventh Amendment therefore also bars the claims for damages against the individual defendants in their official capacities, and these official-capacity claims are also dismissed.  28 U.S.C. § 1915(e)(2)(B)(iii).

B.  Service on Named Defendants

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Anthony Annucci, Jeff McCoy, Michael Capra, Leslie Malin, Stephen Brandow, and JPay, Inc., through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C.  John Doe Reviewing Agents and Central Office Review Committee Members

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiffs name three John Doe "reviewing officers" and an unspecified number of "John Doe Central Office Review Committee Members" as Defendants in this action.  Plaintiffs do not supply sufficient information to permit the New York State Attorney General to identify these John Doe defendants.

If Plaintiffs wish to pursue their claims against these John Doe defendants, within thirty days of the date of this order, Plaintiffs are directed to provide the Court with more detailed, descriptive information to assist the New York State Attorney General in properly identifying these Defendants.  Once Plaintiffs provide this information, if proper, the Court will direct the New York State Attorney General identify the defendants whom Plaintiffs seek to sue here and the addresses where these defendants may be served.

### III.  Conclusion

The Court dismisses, based on Eleventh Amendment immunity, Plaintiffs' claims against the New York State Department of Corrections and Community Supervision and their official-capacity claims for damages against the individual defendants.  28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is respectfully directed to complete the USM-285 forms with the addresses for Defendants Anthony Annucci, Jeff McCoy, Michael Capra, Leslie Malin, Stephen Brandow, and JPay, Inc., and to deliver to the U.S. Marshals Service all documents necessary to effect service.  If Plaintiffs wish to pursue their claims against the John Doe defendants, they

must supply further information to Court within 30 days to assist the New York State Attorney General in identifying these defendants. Such information must be mailed to the Pro Se Intake Unit and bear the docket number 21-CV-5487 (KMK).

The Clerk of Court is further instructed to mail each Plaintiff a copy of this order, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  August 13, 2021
        White Plains, New York

                                                KENNETH M. KARAS
                                            United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Anthony Annucci, Acting DOCCS Commissioner
   DOCCS
   Bldg 2., State Campus
   Albany, New York 12226-2050

2. Jeff McCoy
   DOCCS
   Bldg 2., State Campus
   Albany, New York 12226-2050

3. Michael Capra, Superintendent
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

4. Leslie Malin
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

5. Stephen Brandow
   DOCCS
   Bldg 2., State Campus
   Albany, New York 12226-2050

6. JPay, Inc.
   3450 Lakeside Dr, Ste 100
   Miramar, FL 33027