UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARIUS DUBARRY, HARRY RIVERA, *and* JAYQUAN GRIFFIN, on behalf of themselves and all others similarly situated,

                   Plaintiffs,

-v-

ANTHONY ANNUCCI, JEFF McCOY, MICHAEL CAPRIA, LESLIE MAANN, STEPHEN BRANDOW, JPAY INC., JOHN DOE REVIEWING OFFICER #1, JOHN DOE REVIEWING OFFICER #2, JOHN DOE REVIEWING OFFICER #3, *and* JOHN DOE CENTRAL OFFICE REIVEW COMMITTEE MEMBERS,

                   Defendants.

No. 21-CV-5487 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      On September 27, 2022, the Court granted Defendant's Motion to Dismiss the instant Action without prejudice.  (Dkt. No. 71.)  On November 23, 2022, Petitioner Jeremy Zielinski ("Petitioner") filed a motion requesting to intervene in the instant action pursuant to Fed. R. Civ. P. 24(a)(2) or (b)(1)(B) "for the limited purpose of moving to vacate [a] part of the [C]ourt's . . . decision finding [D]efendant JPay, LLC is not a state actor."  (*See* Not. of Mot. (Dkt. No. 73); Decl. of Jeremy Zielinski (Dkt. No. 74); Mem. of Law in Supp. of Mot. ("Pet.'s Mem.") (Dkt. No. 75).)  For the reasons stated below, the Court denies Petitioner's motion to intervene.

      Rule 24(a) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by federal statute." Fed.R.Civ.P. 24(a)(1).  Intervention of right under Federal Rule of Civil Procedure 24(a)(2) is proper when all of the following conditions are met:

> (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006) (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)). "A district court has broad discretion ... to determine whether to permit intervention" under Rule 24(b)(1)(B). *St. John's Univ. v. Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011) (citing *Restor-a-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984)); *see also, e.g.*, *Floyd v. City of New York*, 770 F.3d 1051, 1062 n.38 (2d Cir. 2014) (observing that a denial of permissive intervention "has virtually never been reversed" (quoting *Catanzano ex rel. Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996))).

The Second Circuit has held that "for [a movant's] interest to be cognizable under Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'" *Brennan v. N.Y.C Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (quoting *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Washington Elec.*, 922 F.2d at 97. Nor will "interests of a general or indefinite character." *H.L. Hayden Co. of NY. Inc. v. Siemens Medical Sys., Inc.*, 797 F.2d 85, 88 (2d Cir. 1986).

Here, Petitioner has not shown that he has a legally cognizable interest sufficient to warrant intervention. Petitioner primarily requests leave to intervene to vacate a portion of this Court's Opinion tangential to the ruling on Motion to Dismiss. (*See* Pet.'s Mem. 4.) In doing so, Petitioner concedes that he "doesn't challenge *Dubarry's* no-nudity policy" but states that he has an "interest in his own rights" as it relates to "prisoner emails." (*Id*. at 3.) Specifically,

Petitioner states that "[i]ncorrect decisions in *Dubarry* could embolden JPay and DOCCS and inhibit relief in *Zielinski*." (*Id.*)

However, this Court was clear in *Dubarry* that its discussion of whether JPay is a state actor is dicta and would not bind other courts in this District. After finding that "Plaintiffs [] failed to state a claim" for violation of their First and Fourteenth Amendment rights, this Court was clear to state that it "need not address any of the Parties' other arguments to dismiss the Complaint in its entirety. (Op. 25.) However, the Court "briefly remark[ed] on certain of the Parties' other arguments, to the extent helpful in framing future pleadings and briefings." (*Id.*) Petitioner appears to claim that, because Petitioner disagrees with this Court on a limited issue, Petitioner now has a legally cognizable interest to intervene. However, and as Petitioner admits, Petitioner finds no issue with the operative portions of the Court's Opinion and does not "assert[] an interest relating to the property or transaction that is the subject of the action." *MasterCard Int'l Inc.*, 471 F.3d at 389.

Put another way, Petitioner seems to be asserting "legally protectable" interest to "correct" potentially adverse precedent in anticipation of filing his own suit. Indeed, Petitioner recently filed a complaint asserting similar arguments that JPay is a state actor. (*See* Dkt. (No. 22-CV-10050).)[1] However, Petitioner has no freestanding, "legally protectable" interest to collaterally attack potentially adverse precedent. Instead, Petitioner is free to argue in his briefing in his pending case why he disagrees with *Dubarry*.

---

[1] On November 30, 2022, this case was transferred to the Western District of New York. (*See* Dkt. No. 7 (22-CV-10050).)

For the foregoing reasons, the motion to intervene is denied.

SO ORDERED.

Dated: December 22, 2022
       White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE