UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARIUS DUBARRY, HARRY RIVERA, *and* JAYQUAN GRIFFIN, on behalf of themselves and all others similarly situated,

      Plaintiffs,

-v-

ANTHONY ANNUCCI, JEFF McCOY, MICHAEL CAPRIA, LESLIE MAANN, STEPHEN BRANDOW, JPAY INC., JOHN DOE REVIEWING OFFICER #1, JOHN DOE REVIEWING OFFICER #2, JOHN DOE REVIEWING OFFICER #3, *and* JOHN DOE CENTRAL OFFICE REIVEW COMMITTEE MEMBERS,

      Defendants.

No. 21-CV-5487 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

  On September 27, 2022, the Court granted Defendant's Motion to Dismiss the instant Action without prejudice. (Dkt. No. 71.) The Court granted Plaintiffs 30 days to file an amended complaint, instructing Plaintiffs to "include within that amended complaint any changes to correct the deficiencies identified in [the] Opinion." (*Id.*) On November 21, 2022, the Court issued an Order To Show Cause to show cause as to why this case should not be dismissed for failure to prosecute. (Dkt. No. 72.) Plaintiff has not filed an Amended Complaint and has not otherwise communicated with the Court.

  This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves

to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No

single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of Plaintiffs' case. Plaintiffs were ordered twice to file an Amended Complaint and were instructed that a failure to do so could result in dismissal. (*See* Dkt. Nos. 71, 72.) Plaintiffs have failed to comply with these Orders. Accordingly, Plaintiffs' case is dismissed without prejudice for failure to prosecute. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

SO ORDERED.

Dated: December 22, 2022
       White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE